Cite as 2015 Ark. App. 34

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–801

| | |
|---|---|
| DAWN JOHNSON<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | **Opinion Delivered** January 28, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60JV2013-1489]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>AFFIRMED; MOTION GRANTED |

## BART F. VIRDEN, Judge

On June 24, 2014, the Pulaski County Circuit Court terminated the parental rights of appellant Dawn Johnson to her children, C.J. and S.J. (twins born 08-13-07) and S.J. (born 05-04-09).[1] Ms. Johnson's counsel filed a motion to withdraw and a no–merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), contending that there are no meritorious grounds to support an appeal and listing the adverse rulings. Ms. Johnson was properly served with the motion to withdraw and a copy of the brief. Neither the appellant, nor the appellees filed any response. We affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

The supreme court has described the procedure for withdrawing as counsel from a

---

[1]Putative father Christopher Johnson's parental rights were also terminated in this order, but he is not a subject of this appeal.

SLIP OPINION

termination–of–parental–rights appeal:

> [A]ppointed counsel for an indigent parent on a first appeal from an order terminating parental rights may petition this court to withdraw as counsel if, after a conscientious review of the record, counsel can find no issue of arguable merit for appeal. Counsel's petition must be accompanied by a brief discussing any arguably meritorious issue for appeal. The indigent party must be provided with a copy of the brief and notified of his right to file points for reversal within thirty days. If this court determines, after a full examination of the record, that the appeal is frivolous, the court may grant counsel's motion and dismiss the appeal.

*Linker-Flores*, 359 Ark. at 141, 194 S.W.3d at 747–48.

This court reviews all pleadings and testimony in the case on the question of the sufficiency of the evidence supporting the decision to terminate, and only adverse rulings arising at the termination hearing need be addressed in the no-merit appeal from the prior orders in the case. *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005). Termination-of-parental-rights cases are reviewed de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents, but parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Id.* In order to terminate parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm caused by returning the child to the custody of the parent, specifically addressing the effect on the health and safety of the child. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii) (Supp. 2009). Additionally, the trial court must find by clear and convincing evidence that one or more statutory grounds for termination exists. Ark. Code Ann. § 9-27-341(b)(3)(B).

SLIP OPINION

Clear and convincing evidence is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 255 S.W.3d 505 (2007). When the burden of proving a disputed fact in equity is by clear and convincing evidence, the question that this court must answer on appeal is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Weatherspoon v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 104, 426 S.W.3d 520. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* However, we give a high degree of deference to the trial court, as it is in a far superior position to observe the parties before it and judge the credibility of the witnesses. *Dinkins*, *supra*.

The Arkansas Department of Human Services took emergency custody of C.J., S.J., and S.J. on September 6, 2013, after responding to a neighbor's phone call reporting domestic violence at Dawn Johnson's home. The court issued an ex parte order for emergency custody on September 9, 2013. The children were adjudicated dependent-neglected in an order filed the same day based on the court's findings that Ms. Johnson tested positive for methamphetamine, THC, and amphetamines. The probable-cause order filed September 16, 2013, ordered Ms. Johnson to meet a number of goals before her children could be returned to her custody, and the children were to remain in foster care while she worked toward fulfilling the requirements of the order. The adjudication/disposition order filed on October 28, 2013, stated reunification as the goal of the case. Over the next four months, the

SLIP OPINION

Department had infrequent contact with Ms. Johnson. On March 10, 2014, the court issued a review order stating termination of parental rights as the new goal and ordered the children to remain in the custody of the Department.

On May 1, 2014, the Department filed a petition to terminate Ms. Johnson's parental rights. The petition listed several possible grounds for termination pursuant to Arkansas Code Annotated section 9-27-341: (1) that Ms. Johnson had abandoned the children; (2) that subsequent to the filing of the original petition for dependency-neglect, other factors or issues arose which demonstrate that return of the children to the family home would be contrary to their health, safety or welfare and that despite the offer of appropriate family services, Ms. Johnson had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances which prevent return of the children to appellant and (3) that she had subjected the children to aggravated circumstances. The termination hearing took place on June 1, 2014. Ms. Johnson was present at the hearing and testified on her own behalf. On June 2, 2014, the Department filed a court report that recommended that the court proceed toward custody with parental rights terminated based on Ms. Johnson's lack of contact with her case worker, for failure to comply with the case plan, and for not visiting her children since October 2013. In an order filed June 24, 2014, the court stated in pertinent part:

> 7. [T]he mother . . . did virtually nothing to participate in services or otherwise work towards reunification. . . . Timely referrals were made, but neither mother nor father took advantage of them. Mother only visited the children three times while this case has been open, the last of which was on September 25, 2013. She admitted at the termination hearing that she "fell off the face of the earth" and missed many appointments for services because she was high on drugs. The only service mother

4

even partially completed was a drug and alcohol assessment, but then she did not follow recommendations as ordered. She failed to show proof of completion of any outpatient drug treatment. . . . Mother admitted she basically quit trying. In addition to failing to complete parenting classes, counseling, psychological evaluation, and any other service, mother has not submitted to random drug screens. Prior to the termination hearing, mother's last drug screen was on October 13, 2013, and it was positive for methamphetamines, amphetamines, benzodiazepines, and THC.

The court specifically stated that Ms. Johnson's abandonment of the children demonstrated aggravated circumstances. Aggravated circumstances are present when "[a] juvenile has been abandoned . . . or a determination has been or is made by a judge that there is little likelihood that services to the family will result in successful reunification." Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(3)(*B*)(*i*) (Supp. 2013). The court held that there was little likelihood that services to the family would result in successful reunification because of Ms. Johnson's "lack of visitation with the children or participation in the case or any Court-ordered services," and it found "that giving [her] additional time would merely require the children to needlessly languish in foster care."

The ground known as "subsequent factors" was also a basis for terminating parental rights. Arkansas Code Annotated section 9–27–341(b)(3)(B)(vii) defines subsequent factors as

factors or issues [that] arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that return of the juvenile to the custody of the parent is contrary to the juvenile's health or welfare and that despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent return of the juvenile to the custody of the parent.

The court noted that Ms. Johnson's incarceration at the time of the hearing was due to her drug involvement and that she could not estimate her sentence or term of

imprisonment, and therefore could not be an option for placement of the children.[2] The court cited these subsequent factors and found by clear and convincing evidence that the children could not be placed in her custody "in any time frame that would be reasonable when viewed through the lens of [the] children and their needs."

Ms. Johnson's inability and unwillingness to provide for the children's extensive special needs were adverse to their health and safety, and therefore also a factor in terminating her parental rights. The court stated,

> The Court has no confidence that the mother could . . . safely provide for these juveniles and their needs, in part because [she] never [has]. . . . these children need a stable, safe environment with a parent who will ensure they receive appropriate care, supervision and therapies as they grow. Ms. Johnson [has] shown no evidence that [she] can provide such for these children now or any time in the future. The Court specifically finds that [the children's] health and safety would be at risk if custody of them were ever returned to the mother[.]

In terminating parental rights, the court also found that the children were adoptable based on the testimony of the adoption specialist. This timely appeal followed. Counsel contends that this appeal is without merit. In accordance with Arkansas Supreme Court Rule 6–9(i)(1)(A) (2014), counsel's brief lists all adverse rulings. We hold that they do not present meritorious grounds for relief, and counsel's brief adequately covered each action that was adverse to Ms. Johnson below. Having carefully examined the record and brief, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court

---

[2]Ms. Johnson admitted in testimony that she could not take the children home with her the day of the hearing, and she did not know what type of sentence she would be facing. Ms. Johnson said that she was in jail for "six or seven charges," several of which were felonies, and they involved drugs and weapons.

concerning no-merit appeals in termination cases, and we conclude that the appeal is wholly without merit. Accordingly, we affirm the order terminating Ms. Johnson's parental rights and grant counsel's motion to withdraw.

Affirmed; motion granted.

GLADWIN, C.J., and HIXSON, J., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.